UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JAVIER MONGE,
    Plaintiff,
vs.

ALLIED JACKSON HEIGHTS, LLC and
JACKSON HEIGHTS STATIONERY, INC.,
    Defendants.

## COMPLAINT

Plaintiff, JAVIER MONGE, by his undersigned counsel, hereby files this Complaint against Defendants, ALLED JACKSON HEIGHTS, LLC and JACKSON HEIGHTS STATIONERY, INC. (the "Defendants") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (the ADA) and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG").

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

2. Plaintiff currently resides in the Bronx, New York.

3. Plaintiff suffers from cerebral palsy, must ambulate in a wheelchair, has difficulty pinching and grasping with his hands, and is a qualified individual with disabilities under the ADA.

4. Plaintiff visited the property in the spring of 2022 to enjoy the goods and services offered therein and encountered barriers to access. Plaintiff desires and intends to return to the Facility to enjoy to goods and services offered therein. However, his access to the Facility

1

continues to be denied and/or substantially limited. His access will continue to be denied until Defendants remove the barriers, including those set forth in the Complaint at Paragraph 19 below.

5. Plaintiff intends to return to the shopping center soon for both dinner and brunch but is deterred from visiting again due to the substantial barriers listed at Paragraph 19.

6. Plaintiff intends to return to the shopping center in February for a family gathering to enjoy the Greek food at Plaka Estiatoio which he particularly likes and then the ice cream at Carvel.

7. Plaintiff visits this shopping center to partake of the numerous and varies eateries located close together including pizza, a patisserie, a Greek restaurant, and Subway.

8. Plaintiff is fond of this Facility, since he used to live in the neighborhood, and returns there to visit family and friends.

9. Plaintiff intends to visit the Facility on a regular basis.

10. Defendant, ALLIED JACKSON HEIGHTS, LLC, transacts business in the State of New York and within this judicial district. Defendant is the owner and/or lessor, of the real property located at 75-11 31 St., East Elmhurst AKA Queens, NY 11370 where the restaurant known as the Jackson Heights Shopping Center is located (the "Facility").

11. Defendant, JACKSON HEIGHTS STATIONERY, INC., transacts business in the State of New York and within this judicial district. Defendant is the owner and/or operator of the Subway restaurant located at 7523 31st Ave, East Elmhurst, NY 11370 (the "Facility").

12. The Facility is a place of public accommodation under the ADA.

13. Plaintiff has suffered legal harm and injury in fact, as he visited the Facility to enjoy the goods and services provided therein, encountered barriers to access, and desires and

intends to re-visit the Facility again, but is unable to do so until the barriers to access are remediated.

14. The barriers alleged in Paragraph 20, by their very nature, prevent Plaintiff and other wheelchair bound patrons from accessing the premises and enjoying the goods and services offered therein.

15. The removal of the alleged barriers can be accomplished without much difficulty or expense.

16. All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises is in the Eastern District.

## FACTUAL ALLEGATIONS AND CLAIM

17. Plaintiff has attempted to access the Facility to enjoy the goods and services offered therein but could not do so without substantial hardship due to his disability, which requires him to ambulate in a wheelchair, and the significant barriers to access existing at the Facility.

18. Plaintiff intends to visit the Facility in the future to enjoy to goods and services offered therein. However, his access to the Facility continues to be denied and/or substantially limited. His access will continue to be denied until Defendants remove the barriers, including those set forth in the Complaint at Paragraph 20, below.

19. Defendants have discriminated against Plaintiff by denying him full access to the goods, services and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, et. seq., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), will continue to discriminate against Plaintiff unless and until Defendants remove all physical barriers including those specifically set forth below.

20. Defendants have discriminated against Plaintiff by failing to remedy the ADA violations, which by their nature, affect Plaintiff and other wheelchair bound plaintiffs. A specific list of ADA violations which preclude and/or limit Plaintiff's ability to access the facility and to enjoy the goods and services offered therein, include the following:

### I. Parking
- The parking lot is not accessible for the following reasons:
- Required signage is not provided in violation of ADAAG 208 and 502.
- Required access aisles are not provided at the designated accessible parking spaces in violation of ADAAG 208 and 502.
- Required clear markings of access aisles are not provided in violation of ADAAG 208 and 502.
- There is not sufficient slope for drainage at areas where access aisles should be in violation of ADAAG 208 and 502.
- Areas where access aisles should be located do not adjoin an accessible route and do not provide marked crossings to enhance pedestrian safety in violation of ADAAG 208 and 502.
- The travel path to store entrances from the parking lot requires pedestrians to travel behind parked vehicles in violation of ADAAG 208 and 502.
- The required number of van accessible parking spaces are not provided in violation of ADAAG 208 and 502.

### II. Carvel
- The service counters are inaccessible as they are too high and do not provide a portion that is 36 inches high maximum and 36 inches long minimum, and do not provide a clear floor space in violation of ADAAG 904 and 305.
- The dining tables do not provide the minimum knee and toe clearance in violation of ADAAG 226, 902 and 306.

### III. Mr. Bruno's Pizza
- The entrance is not accessible as the required maneuvering clearance space is not provided at first of two doors (vestibule) in violation of ADAAG 206 and 404.
- The required maneuvering space is also not provided at the second of two doors at the vestibule in violation of ADAAG 206 and 404.

- The restroom is not accessible as it does not provide enough maneuvering clearance space at the doorway in violation of ADAAG 206 and 404.
- There is not enough clearance around the toilet in violation of ADAAG 604.
- There is no grab bar on the rear wall in violation of 604.
- The flush valves are located directly behind the toilet in violation of ADAAG 604.
- The coat hook in the restroom is mounted too high in violation of ADAAG 604.

IV. **Subway**

- The service counter is not accessible as it is too high and stores items on the self of the counter which deprive Plaintiff from viewing the manner in which the sandwiches and other items are prepared. He has no opportunity to view meal preparation and provide input regarding how much of any ingredient he wants, which is part of the Subway experience. He cannot enjoy the Subway service and experience in the same manner as those who are not disabled in violation of ADAAG 227 and 904.
- The self-service beverage cooler is not accessible as the shelves are too high in violation of ADAAG 904 and 308.
- The service counter at the portion of the store that operates as a stationery/convenience store exceeds the maximum height in violation of 227 and 904.

V. **Plaka Estiatorio**

- Dining tables located outside are inaccessible as they do not provide the minimum knee and toe clearance in violation of
- ADAAG 226, 902.1, 902.2, 306.2, 306.2.5, 306.3 and 306.3.5.
- Dining tables provided at the indoor dining room are inaccessible as they are too high in violation of ADAAG 226.1, 902.1, 902.2 and 902.3. Also, they do not provide adequate knee and toe clearance in violation of ADAAG 226, 902.1, 902.2, 306.2, 306.2.5, 306.3 and 306.3.5
- There is no accessible restroom provided.

Restroom 1 (Men's Restroom):

- Signage is non-compliant with respect to height and location in violation of ADAAG 703.4.1 and 703.4.2.
- The required maneuvering clearance space is not provided at the door in violation of ADAAG 206, 402 and 404.

5

- The door swings into the floor space of the restroom fixtures in violation of ADAAG 603.
- The door locks are too high in violation of ADAAG 404.
- The doorknob and lock are inaccessible as they require twisting of the wrist in violation of ADAAG 404 and 309.
- The light switch is too high in violation of ADAAG 205 and 308.
- The sink does not provide enough knee clearance in violation of ADAAG 606 and 306.
- There is no insulation of the pipes underneath the sink in violation of ADAAG 606.
- The paper towel dispenser is too high in violation of ADAAG 606.
- The mirror is too high in violation of ADAAG 603.
- There is not enough clearance space located around the toilet in violation of ADAAG 604.
- The grab bars are not long enough in violation of ADAAG 604.
- The flush valve on the toilet is located on the closed side of the toilet in violation of ADAAG 604.

Restroom 2 (Women's Room)

- Inaccessible for same reasons as men's room.

### VI. Cannelle Patisserie

- The entrance is inaccessible as there is not enough space between two doors in a series of doors in violation of ADAAG 206 and 402.
- The dining tables provided at indoor dining are inaccessible as they are too high in violation of AAAG 226.1, 902.1, 902.2 and 902.3.  Also, they do not provide adequate knee and toe clearance in violation of ADAAG 226, 902.1, 902.2, 306.2, 306.2.5, 306.3 and 306.3.5
- The window front counter is too high and does not provide enough knee clearance in violation of 226, 902 and 306.

Restroom:

- Signage is non-compliant with respect to height and location in violation of ADAAG 703.4.1 and 703.4.2.
- The required maneuvering clearance space is not provided at the door in violation of ADAAG 206, 402 and 404.
- The door swings into the floor space of the restroom fixtures in violation of ADAAG 603.
- The door locks are too high in violation of ADAAG 404.

6

- The doorknob and lock are inaccessible as they require twisting of the wrist in violation of ADAAG 404 and 309.
- The sink does not provide enough knee clearance in violation of ADAAG 606 and 306.
- The sink does not provide enough clear floor space in violation of ADAAG 606 and 305.
- The urinal is too high in violation of ADAAG 605.
- The mirror is too high in violation of ADAAG 603.
- There is not enough clearance space located around the toilet in violation of ADAAG 604.
- The grab bars are not long enough in violation of ADAAG 604.

21. The above listing may not include all the barriers countered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility to determine all the ADA violations.

22. The removal of the ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

23. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

24. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

25. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily

accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Dated: November 2, 2022

> Respectfully submitted,
>
> *s/ Jennifer E. Tucek*
> Law Office of Jennifer Tucek, PC
>   *Attorney for Plaintiff*
> Bar No. JT2817
> 315 Madison Avenue, #3054
> New York, N.Y. 10017
> (917) 669-6991
> TucekLaw@Gmail.com